**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                Case No. 04-CR-80573

FREDRICO PORTER,                  HONORABLE DENISE PAGE HOOD

    Defendant.

_____/

## ORDER DENYING MOTION FOR MODIFICATION OF SUPERVISED RELEASE

This matter is before the Court on Defendant Fredrico Porter's Motion for Modification of Supervised Release. Porter entered into a plea of guilty to one count of Felon in Possession, 8 U.S.C. § 922(g). On January 25, 2007, the Court imposed a sentence for a term of 84 months of imprisonment, followed by 2 years of supervised release. Porter seeks to terminate his term of supervised release. No response was filed to the motion.

Porter claims he was released from the Bureau of Prisons to the K-Pep Program in Battle Creek, Michigan in February 2010. He claims that he was informed by "certain Staff that he was being held illegally in the Western District of Michigan at the K-Pep Program and would have to leave by Furlough to the Renaissance Program in Detroit, Michigan." (Motion, p. 2) Porter asserts that this was an inconvenience for him because he was employed in the Battle Creek area, but that he eventually obtained employment in the Detroit area, working with deaf mutes, while completing the halfway house Renaissance Program in Detroit. Porter claims he has continued to be positive and actively employed through the Spherion Temporary Services while on supervised release, attending classes for motivational speaking, and has had regular negative results of all the administered drug testing. (*Id.*)

Supervised release may be terminated after one year, pursuant to 18 U.S.C. § 3583(e)(1), if the defendant's conduct warrants termination, *and* it is in the interests of justice. *United States v. Spinelle,* 41 F.3d 1056, 1058 (6th Cir. 1994). Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits "exceptionally good behavior." *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997). The Court considers the facts set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), each of which are addressed below.

The nature and circumstances of the offense involved a felon in possession of a firearm. Porter's characteristics since his release from imprisonment appear to be that of a law-abiding citizen, taking classes to educate himself and obtaining work to support himself. There is nothing before the Court indicating Porter has violated any of the terms of his supervised release.

The supervised release appears to currently deter further criminal conduct and protect the public from further crimes committed by Porter. The supervised release period has certainly provided Porter with opportunity to obtain further education.

The supervised release portion of the sentence was within the applicable guideline range, with no pertinent policy statement, other than those incorporated in the guideline range. There is no co-defendant in this case.

The Court finds that Porter has taken advantage of the educational opportunities before him, found gainful employment and remained drug free. The Court finds that Porter is doing what he is supposed to be doing as a productive member of our society. The Court commends Porter's efforts but does not find that his current actions and behavior amount to "exceptionally good behavior" warranting early termination of his supervised release.

For the reasons set forth above,

IT IS ORDERED that Defendant Fredrico Porter's Motion to waive filing fees and costs in connection with the filing of this motion **(Doc. No. 156, filed 8/29/2011)** is MOOT given that there are no such fees related to filing a motion.

IT IS FURTHER ORDERED that Defendant Fredrico Porter's Motion to Modify Conditions of Supervised Release **(Doc. No. 157, filed 8/22/2011)** is DENIED.

s/Denise Page Hood  
United States District Judge

Dated: December 8, 2011

I hereby certify that a copy of the foregoing document was served upon Fredrico Porter, 1026 South Milwaukee, Jackson, MI 49203 and counsel of record on December 8, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager